DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division. From that judgment, appellant Steven M. raises the following assignment of error:
 "The Court below erred, to the prejudice of the Appellant herein, in incorrectly interpreting this Court's decision journalized on March 12, 1999."
The facts of this case are set forth in our decision and judgment entry of March 12, 1999. In the Matter of: StevenM. v. Robin D. (Mar. 12, 1999), Lucas App. No. L-98-1148, unreported. However, for purposes of clarity, we will repeat the relevant facts herein. Appellant Steven M. and appellee Robin D. were previously married. Upon their divorce in 1991, the parties were granted joint custody of their two minor daughters with appellant father designated as the residential parent. Over the next five years, appellee had only telephone contact with the children while she struggled to overcome alcohol addiction. Subsequently, in February 1997, appellee filed a motion to establish visitation with her daughters and for a change of custody. On October 22, 1997, a magistrate of the lower court entered a decision denying appellee Robin D.'s motion. Specifically, the magistrate found that there had been no change in circumstances to justify a change in custody. The magistrate then also found that it was in the children's best interest to remain in the custody of their father. In response to appellant's objections, the juvenile court affirmed the magistrate's decision.
Robin D. then appealed that decision to this court, in which she argued that the trial court erred in failing to find that the evidence showed a change of circumstances or that it was in the best interest of the children to modify custody. On March 12, 1999, we issued a decision and judgment entry that is the subject of the present appeal. In that decision, we held that the record shows that there was sufficient evidence presented to establish a change of circumstances. In particular, we noted that since the first custody order, the children had been subject to two long distance moves. We further noted that Steven M. had failed to apprise Robin D. of the move to Toledo; failed to facilitate visitations when the children were in Wichita; at times attempted to thwart the re-establishment of the relation ship between Robin D. and the children; and that there were questions surrounding the father's behavior with the children, including his alleged alcohol abuse, inappropriate discipline methods, and failure to promptly seek medical attention or counseling for the children. Additionally, we stated that Robin D. had presented evidence that she has been sober since 1994; that she can provide a stable and healthy environment for the girls; that both the guardian ad litem and current treating psychologist recommended that the children remain with the mother while certain psychological and behavioral issues could be explored and treated; and that the guardian ad litem reported that the children felt comfortable in their mother's home and expressed a desire to remain with her. Given all of this evidence, we concluded that the trial court abused its discretion in finding that Robin D. had not established a change in circumstances. We further concluded that the trial court's determination that it was in the best interest of the children for Steven M. to remain the residential parent was not supported by sufficient findings. That is, we held that the record did not establish that the trial court had considered all of the required factors in R.C. 3109.04(F)(1). In reaching this conclusion, we further stated in a footnote that the trial court's review should have ended upon its determination that appellant had not established a change of circumstances. We therefore reversed the trial court's judgment and remanded the case to the trial court for further proceedings consistent with our decision.
On November 15, 1999, the lower court issued an order in response to our decision and judgment entry of March 12, 1999. That order reads:
 "This matter came on for consideration based on the directive of the 6th District Court of Appeals.
 "The Court of Appeals, 6th District, has instructed this Court to make the Order consistent with its decision. While it observed the lack of findings regarding the child's best interest, it is clear that the Court has directed this Court to order custody of Denee (dob: 8/12/88) and Kayleigh (dob: 3/23/90) to be changed from the father, Steven M[.], to the mother, Robin D[.]
"IT IS SO ORDERED"
Steven M. now challenges the trial court's order of November 19, 1999, asserting that the court misinterpreted our decision and judgment entry of March 12, 1999. For the following reasons, we agree.
R.C. 3109.04(E)(1)(a) provides that a court must conduct a three step inquiry in determining whether a change in residential custody should be made. First, there must be a change in the circumstances of the child or his residential parent, or in the case of a shared parenting order, either parent. Second, the change in custody must be needed to serve the best interest of the child. Finally, one of the three conditions listed in subsections (i) to (iii) must be satisfied. In re Jessica P. (May 1, 1998), Sandusky App. No. S-98-036, unreported, quoting Nyikes v. Rhodes
(July 22, 1994), Lucas App. No. L-93-363, unreported. Furthermore, the court must consider each of these steps in the order listed. InDavis v. Flickinger (1997), 77 Ohio St.3d 415, 417, the Supreme Court of Ohio held that R.C. 3109.04 requires a finding of a change of circumstances "before a trial court can determine the best interest of the child in considering a change of custody." This court, as well as other appellate courts, follow that precept. See In the Matter of:Sydney J. (Sept. 30, 1999), Ottawa App. No. OT-99-026, unreported (Court must first determine that there is a change of circumstances.); Clark v. Smith (1998), 130 Ohio App.3d 648
(Change in circumstances of the child, residential parent, or either parent in a shared parenting situation is a threshold finding that the court must consider prior to weighing the child's best interest.)
In the present case, the trial court, in its judgment entry of October 22, 1997, found that there was no change in circumstances. The court, however, then improperly went on to make a best interest determination. Upon appellate review, we determined that the trial court erred in failing to find a change in circumstances and remanded the case for further proceedings. Those further proceedings must include a best interest determination, after reviewing all relevant factors, including but not limited to those listed in R.C. 3109.04(F)(1), and a determination that one of the conditions listed in R.C. 3109.04(E)(1)(a) (i) to (iii) has been satisfied. The trial court's order of November 15, 1999 reflects that it did not conduct the proper inquiry. We further note that in our decision of March 12, 1999, we stated that the trial court's findings (improper as they were) were insufficient to indicate that the court considered all of the required factors in making a best interest determination. Accordingly, upon remand of this case, the trial court cannot simply rely on its prior findings in ruling on the best interest issue, but, rather, must consider all of the required factors.
We therefore conclude that the trial court misinterpreted our prior decision and abused its discretion in awarding custody of the parties' minor children to Robin D. without first conducting the proper inquiry or considering the proper factors as set forth above. Appellant's sole assignment of error is well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded to that court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MARK L. PIETRYKOWSKI, J.
PETER M. HANDWORK, J., RICHARD W. KNEPPER, P.J., CONCUR.